UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

**ERIC WILLNER,**

    **Plaintiff,**

vs.

**WELLS FARGO BANK, N.A.**

    **Defendant**

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, ERIC WILLNER ("Plaintiff"), by and through undersigned counsel sues the Defendant, WELLS FARGO BANK, N.A. and alleges:

## JURISDICTION AND VENUE

1. Plaintiff is a natural person over the age of 21. He is a citizen of the State of Florida, a resident of Broward County, and otherwise sui juris.

2. Defendant Wells Fargo Bank, N.A. is a national bank with its principal place of business in the State of California. It engages in substantial business activities throughout the State of Florida, including the territorial jurisdiction of this Court and is therefore subject to its jurisdiction. Wells Fargo's business activities in this jurisdiction include but not limited to, servicing a large number of federally related residential mortgage loans secured by real property located within the jurisdiction of this Court. The Defendant will be referred to hereafter as "Wells Fargo".

3. In this action the Plaintiff pursues actions under the Real Estate Settlement Practices Act (RESPA) 12 U.S.C. 2605 et. seq and 12 C.F.R. 1024.35 (e) (1) (i). Plaintiff's claims arise under

Federal law. This Court has federal question jurisdiction to adjudicate these claims pursuant to 28 U.S.C.§ 1331.

## GENERAL ALLEGATIONS

4. Plaintiff owns a home located in Broward County, Florida. Plaintiff's home is subject to a federally related mortgage loan that Defendant services on behalf of the Defendant, Wells Fargo. Defendant, services the loan on behalf of its investors.

5. On September 25, 2008, Wachovia Mortgage, FSB now known as Wells Fargo Bank, N.A. filed a Foreclosure action in the Circuit Court in Broward County, Florida styled: ***Wachovia Mortgage, FSB v. Eric Willner.***

6. On or about August 27, 2013, the Bank, Wells Fargo and Willner attended all day Mediation Conference culminating into a Modification Agreement of his primary residence.

7. On or about September 10, 2013, Willner signed and delivered through his counsel the original Modification Agreement to prior Bank Counsel at its offices. To this date Bank has never delivered nor executed this document by its representative.

8. The Modification Agreement terms reduced the Principal by $183,231.63 and created a new modified Loan balance of $750,000.00. All past due amounts incurred prior to October 31, 2013, were waived.

9. The Modified Agreement also converted the loan to a fix rate loan at 2% for the first two years, 3% for years 3 and 4 and 4% for years 5 and 6 and finally 4.75 % thereafter.

10. The loan was interest only for the first ten years and fully amortizing for the remaining terms. The terms of the loan were extended to November 01, 2053.

11. The loan did not have any property tax or insurance escrows which were the responsibility of Willner. It was specifically agreed that no escrow was to occur and taxes and insurance were responsibility of Willner.

12. At all times herein Willner acted in good faith and in compliance with his obligations under the Modification Agreement.

13. On November 06, 2014, Defendant, Wells Fargo Bank, N.A. filed a Foreclosure action in the Circuit Court in Broward County, Florida styled: *Wells Fargo Bank, N.A. v. Eric Willner et al case no: CACE 14-021516*.

14. On April 19, 2016, Wells Fargo, filed an Amended Verified Complaint this time attaching a copy of the Modified Agreement. However, the Modified Agreement was never executed by Wells Fargo and as a result of their actions and bad faith have caused serious financial and actual damages to Willner.

15. At all times, Willner has maintained insurance on the property to date. Specifically,

    a) 11-5-2015 through 11-5-16 with Universal Insurance

    b) 11-15-2016 through 11-5-2017 with Universal Insurance

    c) 11-5-2017 through 11-5-2018 with Universal Insurance

16. From the inception of the modification, Defendant, Wells Fargo has failed to correct any paperwork through this date.

17. On May 22, 2018, Plaintiff, Eric Willner through his counsel filed a Notice of Error expressly invoking error resolution procedures established by RESPA and it's implementing regulation, Regulation X (12 C.F.R. §1024.35). The letter was sent to Wells Fargo via regular mail and certified mail (See Exhibit "1" Notice of Error Pursuant to 12 CFR 1024.35.

18. On May 26, 2018, Plaintiff, Eric Willner filed the Notice of Error pursuant to 12 CFR §1024.35 with the circuit court in the Foreclosure Action. (See filing stamp on Exhibit "1")

19. The Notice of Error clearly and specifically pointed out three (3) areas that were in error. The first Notice of Error involved periodic billing statement by the loan servicer or lender. The second Notice of Error involved force-placed insurance that is governed by 12 C.F.R. §1024.37.  The third Notice of Error pointed out was the misapplication of payments under the terms of the Mortgage and the Settlement/Modification Agreement.

20. In addition to notifying Wells Fargo of errors to Plaintiff's account, the letter specifically contained request for information pertaining to Plaintiff's account.

21. On May 29, 2018, Defendant, Wells Fargo sent an Acknowledgment letter stating that "its our goal to complete the necessary research and provide you with a response by 06/12/18.  If we determine additional time is needed to fully answer your inquiry, well provide you with a new completion date." (See Exhibit "2" Acknowledgment Letter".)

22. On June 12, 2018, Defendant, Wells Fargo sent a Status update stating that "we want to make every effort to fully address all of your concerns and provide you with a thorough response.  It was our goal to respond with our results by June 12, 2018.  We now expect to complete our work by June 26, 2018. (See Exhibit "3" Status Update)

23. On June 26, 2018, Defendant, Wells Fargo sent a Status update stating that "we want to make every effort to fully address all of your concerns and provide you wit a thorough response.  It was our goal to respond with our results by June 26, 2018.  We now expect to complete our work by July 11, 2018. (See Exhibit "4" Status Update)

24. On July 11, 2018, Defendant, Wells Fargo sent a Status update stating that "we want to make every effort to fully address all of your concerns and provide you with a thorough

response. It was our goal to respond with our results by July 25, 2018. We now expect to complete our work by July 25, 2018 (See Exhibit "5" Status Update)

25. On July 25, 2018, Defendant, Wells Fargo sent a Status update stating that "we want to make every effort to fully address all of your concerns and provide you with a thorough response. It was our goal to respond with our results by July 25, 2018. We now expect to complete our work by August 01, 2018. (See Exhibit "6" Status Update)

26. On July 30, 2018, after non-jury trial the circuit court entered a Final Judgment in favor of the Defendant, Wells Fargo was entered in the amount of $927,591.55.

27. On August 01, 2018, Defendant, Wells Fargo sent a Status update stating that "we want to make every effort to fully address all of your concerns and provide you with a thorough response. It was our goal to respond with our results by August 01, 2018. We now expect to complete our work by August 15, 2018. (See Exhibit "7" Status Update)

28. On August 15, 2018, Defendant, Wells Fargo sent a Status update stating that "we want to make every effort to fully address all of your concerns and provide you with a thorough response. It was our goal to respond with our results by August 15, 2018. We now expect to complete our work by August 29, 2018. (See Exhibit "8" Status Update)

29. On August 23, 2018, Defendant, Wells Fargo sent a Status update stating that "we want to make every effort to fully address all of your concerns and provide you with a thorough response. It was our goal to respond with our results by August 23, 2018. We now expect to complete our work by September 07, 2018. (See Exhibit "9" Status Update)

30. On August 29, 2018, Defendant, Wells Fargo sent a Status update stating that "we want to make every effort to fully address all of your concerns and provide you with a thorough

response. It was our goal to respond with our results by August 29, 2018. We now expect to complete our work by September 13, 2018. (See Exhibit "10" Status Update)

31. On September 07, 2018, Defendant, Wells Fargo sent a Status update stating that "we want to make every effort to fully address all of your concerns and provide you with a thorough response. It was our goal to respond with our results by September 07, 2018. We now expect to complete our work by September 21, 2018. (See Exhibit "11" Status Update)

32. On September 13, 2018, Defendant, Wells Fargo sent a Status update stating that "we want to make every effort to fully address all of your concerns and provide you with a thorough response. It was our goal to respond with our results by September 13, 2018. We now expect to complete our work by September 27, 2018. (See Exhibit "12" Status Update)

33. Defendant, Wells Fargo continued with the malicious pattern and practice of generic form letters changing the dates for every seven to 10 days. It continued by sending letters on the following dates:

- September 21, 2018 to be completed by September 28, 2018.
- September 28, 2018 to be completed by October 12, 2018.
- October 12, 2018 to be completed by October 26, 2018.
- October 26, 2018 to be completed by November 9, 2018.
- November 09, 2018 to be completed by November 23, 2018.
- November 21, 2018 to be completed by December 05, 2018.
- December 05, 2018 to be completed by December 19, 2018.
- December 19, 2018 to be completed by January 02, 2019.
- January 02, 2019 to be completed by January 16, 2019.
- January 30, 2019 to be completed by February 13, 2019.

- February 13, 2019 to be completed by February 27, 2019.

- February 27, 2019 to be completed by March 13, 2019.

- March 13, 2019 to be completed by March 27, 2019.

   (See Composite Exhibit "13")

34. As a result of the Defendant, Wells Fargo, failure to conduct a reasonable investigation and respond accordingly the Plaintiff, Eric Willner has suffered actual and statutory damages in the loss of his primary residence, expended of attorney fees and cost, loss of income from employment including emotional damages.

## COUNT 1
## VIOLATION OF REAL ESTATE SETTLEMENT
## PROCEDURES ACT (RESPA) §2605 (e)

35. Plaintiff, Willner realleges paragraphs 1 through 35 as fully set forth herein.

36. RESPA requires a mortgage servicer to respond to a Notice of Error by either.

 **(A)** Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correctio, the effective date of the correction, and contact information, including a telephone number for further assistance; or

 **(B)** Conducting a *reasonable* investigation and providing the borrower with a written notification that includes a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.

   See Renfroe v. Nationstar Mortg., LLC, 822 F.3d 1241, 1244(11th Cir 2016) citing 12 U.S.C. §2605€(2); 12 C.F.R. §1024.35e(1)(i)

37. **Protection of credit rating**
During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to

such period or qualified written request, to any consumer reporting agency (as such term is defined under section 1681a of Title 15).

38. Defendant, Wells Fargo has failed to respond to his Notice of Error within the applicable deadline nor has its responses satisfy the Servicer's obligations under RESPA.

39. Defendant, Wells Fargo has failed to make any corrections to the Plaintiff, Eric Willner account or paperwork.

40. Defendant, Wells Fargo clearly has not complied with its obligations under RESPA requiring it to both conduct a reasonable investigation into Plaintiff concerns in the Notice of Error and provide a specific statement of the reason or reasons why no error occurred.

41. Defendant, Wells Fargo has blatantly failed to address any of the Notice of Error listed in the Plaintiff's request.  This omission gives rise to the inference that Wells Fargo did nothing to investigate any of the concerns raised by the Plaintiff.

42.  It is clear that the RESPA statute never contemplated Eleven (11) months of no action and its failure to investigate it would have determined that it failed to appropriately apply the Plaintiff, Eric Willner payments and that the foreclosure action was filed in error.  If Defendant, Wells Fargo was aware that the foreclosure was filed in error, the Defendant, would have discontinued the prosecution of the state foreclosure action.

43.  As a result of its violations of RESPA, Plaintiff, Eric Willner has been damaged.  Plaintiff damage include, but are not limited to, additional fees and charges that have been added to his mortgage debt associated with the foreclosure litigation, attorney fees incurred in defense of the foreclosure and emotional distress as a result of the foreclosure and loss of his primary residence.

**WHEREFORE**, Plaintiff, Eric Willner respectfully requests that this Honorable Court enter Final Judgment in his favor and against Wells Fargo due to Wells Fargo violations of RESPA in an amount that includes:

a.  Actual damages in an amount to be determined by at trial;

b.  Attorney fees, litigation expenses and cost;

c.  Interest as permitted by law.

## DEMAND FOR JURY TRIAL

Plaintiff, Eric Willner, an individual, pursuant to Rule 38(b), Federal Rules of Civil Procedures, demands a trial by jury of all issues so triable.

Dated this 16th day of April 2019.

Respectfully submitted,

F. Scott Fistel, Esq.
**Fistel Law Group, P.A.**
*Attorneys for Plaintiff*
1451 W. Cypress Creek Road,
Suite 300
Fort Lauderdale, Florida  33309
Telephone: 954-522-1212
Facsimile: 954-522-1249
E-Mail: pleadings@fistel.com

By: /s/  *F. Scott Fistel*
F. Scott Fistel, Esq. (FBN: 817554)